**Tagged Opinion**



**ORDERED in the Southern District of Florida on April 30, 2010.**

_____
**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LENNAR CORPORATION, *et al*., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Adv. No.10-02797-BKC-RAM-A |
| ) | |
| BRIARWOOD CAPITAL LLC, *et al*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND**
**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND**

This adversary proceeding was pending in state court before it was removed to this Court

after two of the defendants filed bankruptcy petitions in the Southern District of California.

Before the Court are Lennar Plaintiffs' Motion for Remand Under § 1452(b), or, in the

Alternative, Under the Abstention Doctrine Provided Under 28 U.S.C. §1334(c) ("Motion for Remand") and Motion of Debtors Briarwood Capital, LLC and Nicolas Marsch III for Transfer of Venue to the United States Bankruptcy Court for the Southern District of California ("Motion to Transfer Venue").  In the remand and transfer motions respectively, Plaintiffs seek to remand this case to the state court in Florida where the action has been pending for over a year and a half, and the Defendants seek to transfer this case to the Bankruptcy Court for the Southern District of California where the bankruptcy cases were just recently filed.

### *Procedural Background*

Prior to removal, this case was pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "State Court"), Case No. 08-55741-CA-40 (the "Florida Action").  Jurisdiction to remove the case arose when two of the defendants, Briarwood Capital, LLC ("Briarwood") and Nicolas Marsch III ("Marsch"), filed voluntary chapter 11 petitions in the Bankruptcy Court for the Southern District of California on February 22, 2010, and February 23, 2010, respectively.  On February 24, 2010, two days after filing its bankruptcy case, Case No. 10-02677-PB, (the "Briarwood Bankruptcy Case"), Briarwood filed its Notice of Removal of Action Under 28 U.S.C. § 1452(a) ("Notice of Removal").

The Notice of Removal was filed with the Clerk of the District Court for the Southern District of Florida and resulted in the opening of Case No. 10-20574-CIV-JORDAN (the "District Court Case").  The Notice of Removal should have been filed with the Clerk of Court for the United States Bankruptcy Court.  As authorized by 28 U.S.C. § 157(a), the District Court for the Southern District of Florida entered a General Order of Reference on July 11, 1984.  Pursuant to that Order and the District Court's Local Rule 87.2, all bankruptcy matters, including actions removed pursuant to 28 U.S.C. § 1452(a), are automatically referred to the bankruptcy

2

court.  Specifically, the District Court's Local Rule 87.2 provides for notices of removal to "be filed with the Clerk of the United States Bankruptcy Court for the Division of the District where such civil action is pending." Because of the procedural error by the removing party, the case was pending in the district court for 30 days before it was referred to this Court.  In that interim time, Plaintiffs filed their Motion for Remand [D.E.# 12 in the District Court Case] and Defendants filed their Motion to Transfer Venue [D.E.# 39 in the District Court Case].

Eventually, the case was referred to this Court by the district court's March 26, 2010 Order Granting Joint Motion for Entry of Stipulated Order for (1) Referral of Removed Case to the United States Bankruptcy Court for the Southern District of Florida, and (2) Schedule for Briefing and Hearing on Plaintiffs' Motion for Remand and/or Abstention, and Debtors' Motion for Transfer of Venue to the Southern District of California ("Reference Order") [D.E.# 43 in the District Court Case]. In its Reference Order, the district court imposed a briefing schedule on the parties.  Shortly after receiving the action, this Court entered an Order Setting Hearing on Remand and Venue Motions [CP# 15], which set the hearing on the motions for April 19, 2010, and adopted the briefing schedule imposed by the Reference Order.

The Court has considered the Motion for Remand and accompanying Declaration of Samuel J. Dubbin (the "Dubbin Declaration") [D.E.# 13 in the District Court Case]; the Opposition of Briarwood Capital, LLC and Nicolas Marsch III to Lennar Plaintiffs' Motion for Remand Under 28 U.S.C. § 1452(b), or, in the Alternative, Under the Abstention Doctrine Provided Under 28 U.S.C. § 1334(c), and Supporting Memorandum of Law [D.E. # 37 in the District Court Case] and accompanying Declarations of Nicolas Marsch III, Scott M. Dimond, and Joseph R. Dunn [D.E. # 38 in the District Court Case]; the Motion to Transfer Venue and accompanying Declarations of Nicolas Marsch III, Scott M. Dimond, and Joseph R. Dunn [D.E.

# 40 in the District Court Case]; the Defendant FDI and Barry Minkow's Joinder in Opposition to Lennar Plaintiffs' Motion for Remand Under 28 U.S.C. § 1452(b), or, in the Alternative, Under the Abstention Doctrine Provided Under 28 U.S.C. § 1334(c) and accompanying Affidavit of Michelle B. Baker [D.E. # 41 in the District Court Case]; the Reply of Lennar Plaintiffs to Defendants' Opposition to Motion for Remand Under 28 U.S.C. § 1452(b), or, in the Alternative, Under the Abstention Doctrine Provided Under 28 U.S.C. § 1334(c) [CP# 11]; Lennar's Amended Opposition to Motion to Transfer Venue [CP# 21]; the Declaration of David Marroso [CP# 13]; the Second Declaration of Samuel J. Dubbin (the "2nd Dubbin Declaration") [CP# 14]; the Debtors' Reply to Plaintiffs' Opposition to Motion of Debtors Briarwood Capital, LLC and Nicolas Marsch III for Transfer of Venue to the United States Bankruptcy Court for the Southern District of California [CP# 27]; the Second Declaration of Scott M. Dimond [CP# 28]; the arguments of counsel at the hearing; and applicable law. For the reasons summarized in the Court's short bench ruling after the April 19th hearing, and for the reasons that follow, the Motion for Remand is granted and the Motion to Transfer Venue is denied.

## *Facts*

On September 19, 2008, Lennar Corporation and Lennar Homes of California, Inc. (together "Lennar" and "Plaintiffs") filed the Florida Action against Briarwood and its principal, Nicolas Marsch III ("Marsch"). The case was assigned to Judge Gill S. Freeman of the State Court's Complex Business Litigation Section. The Complaint was later amended on January 12, 2009, to include Barry Minkow ("Minkow") and his company, the Fraud Discovery Institute, Inc. ("FDI" and together with Briarwood, Marsch and Minkow, the "Defendants"). The genesis of the case, and other litigation between the parties, is a business relationship between Lennar and Marsch that began in 1997 and resulted in the development of a residential community in

Southern California. By both accounts, the venture was successful. However, since then, Lennar and Marsch have been embroiled in litigation over the rights and duties of each respective party, and the propriety of each party's actions taken post development.[1] The gravamen of the Florida Action is that the Defendants allegedly engaged in a highly orchestrated scheme to extort millions of dollars from Lennar through defamation, blackmail, interference with business relationships, and unfair practices.

In their Fourth Amended Complaint (the "Complaint") in the Florida Action, Plaintiffs allege five causes of action, all based on Florida state law: (1) violations of Florida's Civil RICO Law, Fla. Stat. §772.201, *et seq*.; (2) intentional interference with contractual and economic relations; (3) defamation, *per se*; (4) violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204; and (5) civil conspiracy. Plaintiffs demand a trial by jury on all counts. (Notice of Removal, Ex. A.)

In the seventeen months in which the Florida Action was pending prior to removal, a significant amount of activity occurred in the case. In particular, Judge Freeman entered orders on four motions to dismiss relevant to the instant proceedings: (1) a March 26, 2009, order

---

[1] The parties to the Florida Action are involved in several other cases currently pending in other jurisdictions including, but not limited to: *Briarwood Capital, LLC v. Lennar Land Partners II, et al*., filed in November 2006 in San Diego Superior Court, California, Case No. GIC-875457; *Briarwood Capital, LLC v. HCC Investors LLC, et al.*, filed in December 2006 in San Diego Superior Court, California, Case No. GIC-877446; *Briarwood Capital, LLC v. HCC Investors LLC*, filed on September 3, 2009, in San Diego Superior Court, California, Case No. 37-2009-00097749-CU-BC-CTL; *Briarwood Capital, LLC, et al., v. KBR Group, LLC, et al*., filed on May 21, 2009, in San Diego Superior Court, California, Case No. 37-2009-00090247-CU-BC-CTL; *Briarwood Capital, LLC, et al., v. KBR Group, LLC, et al*., filed on May 22, 2009, in San Diego Superior Court, California, Case No. 37-2009-00090462-CU-BC-CTL; *Briarwood Capital, LLC, et al., v. KBR Group, LLC, et al.*, filed on October 26, 2009, in San Diego Superior Court, California, Case No. 09-CV-2680-CU-BC-CTL; Lennar *Homes of California, Inc., v. DLA Piper US LLP, et al.*, filed on January 28, 2008, in San Diego Superior Court, California, Case No. 37-2008-00076811-CU-PN-CTL; *Lennar Homes of California, Inc., et al., v. DLA Piper US LLP, et al*., filed in San Diego Superior Court, California, Case No. 37-2008-00092842-CU-PN-CTL.

denying  Defendants' motion to dismiss on grounds of *forum non conveniens*; (2) a May 4, 2009, order denying defendants Minkow and FDI's motion to dismiss for lack of personal jurisdiction; (3) an August 6, 2009, order denying defendants Minkow and FDI's motion to dismiss on grounds of *forum non conveniens*; and (4) an August 6, 2009, order denying defendants Minkow and FDI's motion to dismiss for lack of personal jurisdiction.  (2nd Dubbin Decl., Exs. H-K.) Having presided over the case for nearly a year and a half, Judge Freeman has issued over twenty orders, held at least ten hearings on substantive discovery motions alone, and held three case management conferences on April 6, 2009, December 10, 2009 and February 19, 2010.  (Dubbin Decl.)  Most notably, since the April 6, 2009, case management conference, this case has been set for a three week trial commencing on August 16, 2010.    Also pending in the Florida Action at the time of removal was Lennars' Motion for Sanctions/Default Judgment against the non-Debtor Defendants for alleged illegal conduct, including alleged violations of Judge Freeman's prior discovery orders.   Judge Freeman set the sanctions motion for a full-day evidentiary hearing on April 30, 2010.

As noted earlier, on February 22, 2010, and February, 23, 2010, respectively, Briarwood and Marsch (the "Debtors") filed voluntary Chapter 11 petitions in the Southern District of California (the "Bankruptcy Cases").   Both cases are pending before Bankruptcy Judge Bowie and the claims bar date in both actions is April 30, 2010.  The Notice of Removal, which removed the Florida Action to the district court, was filed on February 24, 2010, two days after Briarwood filed its petition.

Both sides have filed papers in the Bankruptcy Cases related to the Florida Action.  On February 28, 2010, Briarwood filed an adversary proceeding seeking a temporary restraining order and preliminary injunction against the Plaintiffs to stay the litigation as to the non-Debtor

Defendants.  Briarwood also sought injunctive relief preventing Lennar from taking any action in the Florida Action, including pursuing remand of the action back to the State Court.  On March 4, 2010, Judge Bowie issued a temporary restraining order ("TRO") barring Plaintiffs from proceeding against the non-Debtor Defendants.  The TRO did not limit Lennar's ability to seek remand and set a further hearing for March 11, 2010, to consider the issuance of a preliminary injunction.  On March 5, 2010, Lennar filed its Motion for Remand in the District Court Case.  On March 10, 2010, Lennar filed its Motion for Relief from the Automatic Stay and to Abstain Under 28 U.S.C. § 1334(c) ("Relief from Stay Motions") in the Bankruptcy Cases.

Following the March 11th hearing, Judge Bowie issued a preliminary injunction pursuant to Fed.R.Civ.P. 65, barring Plaintiffs from proceeding against the non-Debtor Defendants until April 21, 2010.  The court also scheduled a hearing on April 21, 2010, to consider Lennar's Relief from Stay Motions and to consider an extension of the injunction.  Judge Bowie also ruled that Plaintiffs were entitled to go forward with their sanctions motion against the non-Debtor Defendants.  On March 26, 2010, the Debtor Defendants filed their Motion to Transfer Venue in the District Court.  On March 29, 2010, Lennar filed a motion to extend the bar date for filing proofs of claim.  That motion was also set for hearing on April 21, 2010,  in conjunction with the hearing on the Relief from Stay Motions.[2]

### Discussion

Section 1334(b) of title 28 provides a broad grant of jurisdiction allowing district courts (and by reference, bankruptcy courts) to hear all matters arising under title 11, or arising in or related to cases under title 11.  Moreover, any claim or cause of action pending in a state court

---

[2]  Although this Memorandum Opinion is being issued after April 21st, the Court's findings and conclusions are based on the record as it existed on April 19, 2010, when the Motion for Remand was argued and does not take into account any subsequent filings or orders in the Bankruptcy Cases.

may be removed to the district court (and by reference, the bankruptcy court) under 28 U.S.C. §1452(a) if the district court has jurisdiction over such claim or cause of action under §1334. This broad grant of jurisdiction is tempered by the abstention provisions in §1334(c), which in some instances require the bankruptcy court to abstain and in all instances, permit the bankruptcy court to abstain even though subject matter jurisdiction exists.  28 U.S.C. §1452(b) similarly provides for remand, and thus, a declination of jurisdiction, "on any equitable ground."

Under these guiding statutory provisions, there is no question that Briarwood had the authority to remove the Florida Action to this Court and that this Court has subject matter jurisdiction.  Now that the case is here, the question before this Court is where does it go – back to the State Court in Miami, or to the bankruptcy court in San Diego that is administering the Bankruptcy Cases? Although the question is stated simply, answering the question requires analysis of several issues, starting with two threshold issues.  First, which motion should be considered first, the Motion for Remand or the Motion to Transfer Venue? Second, in addressing these motions, should the Court look to the law of the Eleventh Circuit, where this Court sits, or the law in the Ninth Circuit, where the Bankruptcy Cases are pending?

### A.  The Motion for Remand Should be Decided First

Defendants argue that where a case is removed to bankruptcy court pursuant to "related to" jurisdiction, the case should be transferred to the bankruptcy court where the bankruptcy case is pending for that court to consider the motion for remand.  *See Everett v. Friedman's Inc*., 329 B.R. 40, 42 (S.D.Miss. 2005).  Plaintiffs argue that the Motion to Remand should be considered prior to a motion to transfer venue because it raises jurisdictional issues.  *In re W.S.F. –World Sports Fans, LLC*, 367 B.R. 786, 791 (Bankr.D.N.M. 2007); *In re AUSA Life Insurance Co., Inc. v. Citigroup, Inc.*, 293 B.R. 471, 474 (N.D.Iowa 2003); *In re Reliance Group Holdings, Inc.*, 273

B.R. 374, 340 (Bankr.E.D.Pa. 2002); *In re Global Underwriting Management, Inc.*, 147 B.R. 601, 603 (Bankr.S.D.Fla. 1992). This Court has previously adopted the majority view that jurisdictional issues are properly addressed before venue issues.[3] *In re United Container LLC*, 284 B.R. 162, 169 (Bankr.S.D.Fla. 2002) (citing *Lone Star Industries, Inc. v. Liberty Mutual Insurance,* 131 B.R. 269, 272 (D.Del.1991)). Defendants have not persuaded the Court to reconsider its earlier conclusion.

Deciding the jurisdictional issue first is consistent with the removal procedures in the statute. Removal jurisdiction is based upon the pendency of a bankruptcy case, here the Bankruptcy Cases pending in the Southern District of California. Nevertheless, when a case is removed under 28 U.S.C. § 1452(a), it is not removed to the district where the bankruptcy case is pending, but rather to the district where the state court case was pending. Moreover, under § 1452(b), "the court to which such claim or cause of action is removed" has the authority to "remand such claim or cause of action."

Thus, under the statutory scheme, the bankruptcy court to which the action is removed serves a gatekeeper function in which two jurisdictional issues can and should be decided. *Rayonier Wood Products, L.L.C. v. ScanWare, Inc.,* 420 B.R. 915, 919 (S.D.Ga. 2009) (local bankruptcy court does not act merely as conduit). First, is there jurisdiction under 28 U.S.C. § 1334 permitting removal under § 1452, and second, if there is jurisdiction, is it appropriate to exercise that jurisdiction or should (or must) the case be remanded back to the state court?

As noted earlier, the case was properly removed and there is subject matter jurisdiction under 28 U.S.C. § 1334(b). This Court's gatekeeper function is to determine whether that

---

[3] Although not the basis for the Court's ruling on this issue, the Court does note that the March 29, 2010 Order entered by Judge Bowie in the California Bankruptcy Court appears to contemplate litigation of the Remand Motion in the Bankruptcy Court for the Southern District of Florida. (Marroso Decl., Ex. T.)

jurisdiction can or should be exercised.  Specifically, the Court must address Plaintiffs' argument that mandatory abstention is required under 28 U.S.C. § 1334(c)(2), or, in the alternative, that the Court should either abstain under the permissive abstention provision of § 1334 or remand the proceedings on equitable grounds pursuant to 28 U.S.C. § 1452(b).  Before reaching the abstention argument, however, the Court must first address the choice of law issue.

### B.  The Doctrine of Abstention is Applicable to Removed Actions in the Eleventh Circuit

Defendants initially argue that since the basis for removal is the pendency of the Bankruptcy Cases in the Southern District of California, the law of that jurisdiction should govern the jurisdictional and venue issues.  The choice of law issue is important because the Eleventh Circuit and Ninth Circuit disagree about whether the abstention provisions in 28 U.S.C. § 1334(c)(1) and (c)(2) apply in cases removed under 28 U.S.C. § 1452.  The Eleventh Circuit recognizes the abstention doctrine in cases removed pursuant to § 1452. *See Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000).  The Ninth Circuit disagrees. *In re Lazar*, 237 F.3d 967, 981-82 (9th Cir. 2001) and *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997) (remand provisions of 28 U.S.C. § 1334(c) are inapplicable as a matter of law in the Ninth Circuit for state court actions removed pursuant to §1452(a), because no parallel state court proceeding exists).  Although the Ninth Circuit's view is clearly a minority view, if Ninth Circuit law controls this Court's decision, the Court could not consider the mandatory abstention provisions in 28 U.S.C. § 1334(c)(2) in ruling on the Motion for Remand.

The Court finds that Eleventh Circuit law applies to this contested matter.  As discussed earlier, pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action … to the district court for the district where such civil action is pending …." *See also*

Fed.R.Bankr.P. 9027. If Congress intended the law of the jurisdiction where the bankruptcy case is pending to control the removed action, it presumably would have provided for removal directly to that jurisdiction. That is not the law. The action has been removed to this Court. As discussed in the preceding section, this Court (like any court that receives an action removed from a state court in its district) performs a jurisdictional gatekeeper function, which includes consideration of remand motions before considering transfer of the proceeding to the home bankruptcy court. Since this Court, not the home court, performs the gatekeeper function, it can and should apply the law of its own circuit.    Accordingly, the law of the Eleventh Circuit governs this proceeding and the abstention provisions in § 1334(c)(1) and (c)(2) are applicable to the Motion for Remand.

### C.  Mandatory Abstention is Required

A party may oppose removal by filing a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Under the statute, parties seeking remand or abstention must satisfy each of the following elements: (1) there must be no independent basis for federal jurisdiction, other than § 1334(b); (2) the claims in the case must be related to a case under title 11 but not arise under or arise in a case under title 11; (3) the case must have been commenced in state court; and (4) the action can be adjudicated timely in state court. *See In re United Container LLC,* 284 B.R. at 172; *In re Rupp & Bowman Co.,* 109 F.3d 237, 239 (5th Cir. 1997). There is

no dispute as to the timeliness of Plaintiffs' Motion for Remand and neither party disputes that this case was commenced in state court. The three issues in dispute are whether there is an independent basis for federal jurisdiction, whether the claims in the case are non-core claims "related to" the Briarwood Bankruptcy Case, but not "arising in" that case, and whether the Florida Action can be timely adjudicated in the State Court.

### 1. *There is no independent basis for federal jurisdiction*

The first factor of §1334(c)(2) requires that no independent basis for federal jurisdiction exists, that is, diversity of citizenship or federal question jurisdiction. For diversity of citizenship jurisdiction to arise, there must be complete diversity of the parties, which is not present in the instant action. Instead, Defendants argue that the allegations in Count I of the Complaint, which alleges violations of Florida Civil RICO, Fla. Stat. §772.201, *et seq.,* implicate federal law issues sufficient to establish federal question jurisdiction.

A cause of action for violation of Florida Civil RICO law requires a showing of at least two incidents of criminal activity, or predicate acts. Fla. Stat. § 772.101, *et seq.* Count I alleges a "pattern of criminal activity consist[ing] of numerous incidents occurring over a period of more than two years, including: (a) extortion, as defined in Fla. Stat. § 836.05, in violation of Fla. Stat. § 772.102(a)(26); (b) mail fraud, as defined in 18 U.S.C. § 1341, in violation of Fla. Stat. § 772.102(b); (c) wire fraud, as defined in 18 U.S.C. § 1343, in violation of Fla. Stat. § 772.102(b); and (d) aggravated identity theft, as defined in 18 U.S.C. § 1028 & § 1028A, in violation of Fla. Stat. § 772.102(b)." (Complaint at ¶ 58.) Since the predicate acts include alleged violations of federal statutes, Defendants argue that proof of these violations will require interpretations of federal law creating federal question jurisdiction.

In support of their argument, Defendants rely on *Ayres v. v. General Motors Corp*., 234 F.3d 514 (11th Cir. 2000). In *Ayres*, the plaintiff brought an action against General Motors and an automobile component manufacturer, for violation of Georgia's Civil RICO Law, specifically alleging that the defendants had conspired to withhold information about a manufacturer's defect from the public. Although the RICO claim was a Georgia state law claim, the *Ayres* court found that the trial court would be required to resolve substantial, disputed issues of federal law in connection with the federal mail and wire fraud violations that the plaintiffs were relying on as predicate acts in their RICO claim. As such, under the exceptional facts of that case, the *Ayres* court found that there was federal question jurisdiction. In so holding, the Eleventh Circuit cautioned, "[a]lthough a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law,' *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983), 'the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986), *quoted in Ayres*, 234 F.3d at 517-518, *and In re United Container LLC*, 284 B.R. at 172. Thus, the court set forth a specific two-prong analysis for determining when the presence of a federal issue gives rise to federal question jurisdiction:

> (1) the ***necessity*** for Plaintiffs to prove, as an essential element of their state law cause of action, the existence of federal mail and wire fraud crimes as predicate acts, which crimes would be enforceable in a federal civil RICO cause of action; and (2) the fact that proof of the alleged federal mail and wire fraud crimes involves a ***very substantial*** federal question.

*Ayres*, 234 F.3d at 520 (emphasis added).

Despite Defendants' argument that this case is analogous to *Ayres*, the Court finds the facts more like those in *United Container* where a similar argument failed.  In *United Container*, the Court applied the *Ayres* test to Plaintiffs' Florida Civil RICO count and found that it did not present a federal question because: (1) there were several non-federal predicate acts alleged, and (2) there was no federal statute present that required substantial interpretation.  *In re United Container LLC*, 284 B.R. at 173.

The Defendants here argue that *United Container* is distinguishable since three of the four alleged predicate acts arise under federal law.  Thus, they argue that Plaintiffs must necessarily prove a federal violation.  Plaintiffs counter that the Complaint alleges numerous incidents of state law extortion, and therefore, Plaintiffs may prove the necessary predicate acts without having to prove any federal law violations.  The Court is persuaded by Plaintiffs' argument and finds that it may not be necessary for Plaintiffs to prove a federal law violation here, where non-federal predicate acts are included in the Complaint.  Second, Defendants argue that, similar to *Ayres*, Plaintiffs' state law RICO action requires a substantial analysis of the federal aggravated identity theft statute, 18 U.S.C. § 1028 & § 1028A.  As this Court recognized in *United Container*, the analysis under the second prong of *Ayres* requires more than just the presence of a federal law, it requires "the existence of a right under federal law which will be supported by a construction of the federal law concluding that the federal crime is established, but defeated by another construction concluding the opposite." *Id.* at 173-174 (quoting *Ayres*, 234 F.3d at 519).  The Court finds that Defendants have not made this showing and that the mere presence of the federal aggravated identity theft statute in the Complaint does not mean the trial court will necessarily have to interpret the federal statute.

In sum, this case is not one of those exceptional cases like *Ayres* where federal question jurisdiction exists in a case seeking relief only under state law.  Proof of two predicate acts to support the Florida RICO claim may or may not require proof of federal law violations.  Moreover, proof of the alleged federal statutes may or may not turn on construction of the federal laws.  Based on these uncertainties, the Court concludes that the Florida Action does not present a "substantial federal question" which would support federal question jurisdiction.

### 2. The Florida Action is a non-core matter "related to" the Briarwood Bankruptcy Case

For mandatory abstention to apply, the removed action must be "related to" the Briarwood Bankruptcy Case, but not an action "arising under title 11" or "arising in" the Briarwood Bankruptcy Case.  28 U.S.C. §1334(c)(2).  The Defendants argue that the Florida Action should be considered core since it asserts claims against the Debtor Defendants and the allowance of claims is expressly within the court's core jurisdiction under 28 U.S.C. §157(b)(2)(B).  As such, they argue that mandatory abstention does not apply.

If Lennar had filed a proof of claim, this argument has some support in the case law.  *See In re Newell*, 424 B.R. 730 (Bankr.E.D.N.C. 2010) (since proof of claim had been filed, plaintiffs' removed state court case against the debtor came within court's core jurisdiction precluding mandatory abstention); *Steinman v. Spencer* (*In re Argus Group 1700, Inc.*), 206 B.R. 737, 747-48 (Bankr.E.D.Pa. 1996) (filing of a proof of claim which asserts the same claims raised against the debtor in a prepetition state court action transforms the state court action into a core proceeding).

Other courts have rejected the concept that the filing of a proof of claim changes the character of a prepetition lawsuit against the debtor.  *See In re Toledo*, 170 F.3d 1340 (11th Cir.

1999); *In re Wood*, 825 F.2d 90 (5th Cir. 1987) (filing of a proof of claim triggers core jurisdiction over allowance of that claim, but does not transform separate litigation against the debtor into a core proceeding).

The Court need not and will not reach this issue because Lennar has not filed a proof of claim in the Bankruptcy Cases. In the absence of a claim, the case law and clear language of the statute compel a finding that the Florida Action was removed and is pending here solely based on "related to" jurisdiction.

This issue was addressed at length in *In re Asousa Partnership*, 264 B.R. 376 (Bankr.E.D.Pa. 2001). In that decision, after citing the court's earlier decision in *Steinman*, the court held that "when no proof of claim is filed, claims (or counterclaims) asserted against the debtor prepetition are not transformed into core proceedings simply because the debtor files for bankruptcy and removes them." *Id.* at 387 (citing several cases so holding, including *Bevilacqua v. Bevilacqua*, 208 B.R. 11, 16-17 (E.D.N.Y. 1997) and *Beneficial National Bank USA v. Best Reception Systems, Inc.* (*In re Best Reception Systems, Inc.*), 220 B.R. 932, 949-50 (Bankr.E.D.Tenn. 1998).

In holding that the removed action was not a core proceeding, the *Asousa* court acknowledged that a proof of claim may ultimately be filed. Nevertheless, since a proof of claim had not yet been filed, the court properly concluded that the allowance or disallowance of a claim was not pending. Therefore, the removed action which included a counterclaim against the debtor, did not involve the "allowance or disallowance" of claims and was not a core proceeding. *In re Asousa Partnership*, 264 B.R. at 388. The Court agrees with that analysis. In looking at the core versus non-core nature of the removed case, the Court must look solely to the present record, not what may or may not happen in the Bankruptcy Cases.

The foregoing case law is consistent with the language in §1334(c)(2). That section directs the court to consider whether the pending proceeding (here, the Florida Action) is a "proceeding related to a case under title 11, but not arising under title 11 or arising in a case under title 11 . . . ." In applying this statutory directive, it is clear that the Florida Action is simply "related to" the Briarwood Bankruptcy Case. It did not arise under title 11 since it does not invoke any substantive right created by the Bankruptcy Code, *Toledo*, 170 F.3d at 1345, and it did not "arise in" the Briarwood Bankruptcy Case since it was filed 17 months before the Briarwood chapter 11 petition was filed and is not a "matter that could arise only in bankruptcy." *Id.* (citing *Wood*, 825 F.2d at 97). Thus, this adversary proceeding was removed and is pending in federal court solely based on "related to" jurisdiction and this element of mandatory abstention is satisfied.

### 3. *The action can be adjudicated timely in state court*

The last contested element under mandatory abstention is whether the case "can be timely adjudicated" in the State Court. Although the burden is on the Plaintiffs to establish this element, *In re United Container LLC*, 284 B.R. at 174, meeting the burden does not require convincing proof that the case will be tried sooner in the state court than in federal court. *Id.* Rather, in analyzing this element, courts consider several factors, focusing on whether allowing the case to proceed in the state court will have an unfavorable effect on the administration of the bankruptcy case. *Id.* (citing *In re Midgard Corp.*, 204 B.R. 764, 778 (10th Cir. BAP 1997)). These factors include: (1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court at time of removal; (3) status of the bankruptcy case; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the

bankruptcy case is a reorganization or liquidation.  *See In re United Container LLC*, 284 B.R. at 175 and cases cited therein.

The most significant factors in this case are (1) the status of the Florida Action at the time of its removal, including the scope of the proceedings which have already occurred; and (2) the status of the Bankruptcy Cases and the effect on the administration of those cases if the Court abstains.  As summarized earlier and set out in greater detail in the Dubbin Declaration, this case was (and still is) specially set for a three week jury trial in the State Court on August 16, 2010.  Although the parties disagree on how much discovery remains, the record is clear that there have been numerous hotly contested matters already presented in the Florida Action in which the State Court has conducted at least ten hearings, including three Case Management Conferences, and issued over twenty orders, including orders on substantive discovery motions.[4]  Clearly, the State Court's familiarity with the case and the court's demonstrated desire to proceed to trial expeditiously make it far more likely that this case can and will be "timely adjudicated" in the State Court.  This Court is not familiar with Judge Bowie's bankruptcy docket, but there is no reason to believe that Judge Bowie will have more time available than the State Court to complete the pretrial matters and get the case to trial.[5]

---

[4] At least two of Judge Freeman's orders have been appealed and affirmed by the Third District Court of Appeals for Florida. (Dubbin Decl.)

[5] There is also a reasonable likelihood that the district court would withdraw the reference pursuant to §157(d) based upon the Plaintiffs' demand for jury trial and stated non-consent to jury trial in the bankruptcy court.  If the Plaintiffs file a proof of claim, they would arguably waive their right to jury trial against Briarwood and Marsch , *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), but not their right to jury trial against the non-debtor Defendants.  Admittedly, this Court is not familiar with the docket of the district court in the Southern District of California, but there is also no reason to believe that this case would get to trial sooner in that court than in the State Court here in Florida.

When pressed at oral argument in this Court on April 19, 2010, Defendants' counsel tried valiantly to explain why trying this case in the bankruptcy court would be important to the administration of the Bankruptcy Cases. Counsel suggested that Bankruptcy Judge Bowie could coordinate this action with other actions between the parties and suggested that if Lennar files a claim based on the Florida Action, such a claim could be estimated for confirmation in a streamlined proceeding.

None of the Defendants' arguments about the effect on the Bankruptcy Cases was persuasive. Lennar, Defendant Briarwood, and Defendant Marsh are involved in several pending lawsuits, see *supra*, note 1, and this is the only one which was removed. The Florida Action involves only state law issues and the Defendants include non-debtor defendants. It is speculative, at best, to believe that the resolution of this litigation could be handled more efficiently or expeditiously in the Bankruptcy Cases and therefore provide some significant benefit to the estate. It is far more likely that resolution would be delayed if the case was transferred to the bankruptcy court or ultimately, the district court for the Southern District of California.

Moreover, the bankruptcy court's authority to efficiently administer the Bankruptcy Cases will not be lost after remand. Section 1334(d) of Title 28 expressly states that the abstention provisions in § 1334(c) "shall not be construed to limit the applicability of the [automatic stay in 11 U.S.C. § 362], as such section applies to an action affecting the property of the estate in bankruptcy." Thus, this Court's decision to remand the Florida Action to the State Court does not preclude the bankruptcy court from denying stay relief if the court concludes that allowing the litigation to proceed would adversely affect the administration of the Bankruptcy Cases.

In sum, the Court is satisfied that this case will be "timely adjudicated" in the State Court as that term is used in the mandatory abstention provision of 28 U.S.C. § 1334(c)(2).  Since all of the elements of 28 U.S.C. § 1334(c)(2) have been established, mandatory abstention and therefore remand to the State Court is required.

### D.  Cause Exists for Equitable Remand

Plaintiffs argue alternatively that the Court should abstain under the permissive abstention provision in 28 U.S.C. § 1334(c)(1) or exercise its equitable remand authority under 28 U.S.C. § 1452(b).  The Court agrees, finding that the record in this proceeding strongly supports remand under these provisions.

The doctrine of permissive abstention applies where "in the interest of justice, or in the interest of comity with State courts or respect for State law" the court finds it appropriate to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).  Similarly, § 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

The doctrines of equitable remand and permissive abstention are similar and courts generally consider the same factors in analyzing both sections.  *See In re United Container LLC*, 284 B.R. at 176 and cases cited therein.    Although there is no exclusive list, courts have considered the following factors relevant in their analysis:

> (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues,  (3) the difficulty or unsettled nature of the applicable state law,  (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance

rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.

*Id.* at 176; *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.*), 912 F.2d 1162, 1167 (9th Cir. 1990).

At least one factor weighs against abstention − The Florida Action is closely related to the Bankruptcy Cases since it is one of several litigation matters that need to be resolved as part of the Bankruptcy Cases. Most of the factors, however, weigh heavily in favor of remand. First, as discussed earlier, Defendants have not demonstrated that remanding the Florida Action to the State Court will hinder the California bankruptcy court's ability to efficiently administer the Bankruptcy Cases. The Court is not persuaded by Defendants' argument that remand will lead to inefficient and duplicative litigation if the Plaintiffs eventually file a proof of claim in the Bankruptcy Cases. As discussed more fully in the Court's analysis of mandatory abstention in Section C.2. *supra*, the filing of a proof of claim does not merge the claims adjudication process with the underlying State law cause of action. Moreover, the California bankruptcy court retains the authority to deny relief from the automatic stay pursuant to § 362 and § 1334(d). If it denies stay relief, it also has the authority under § 105 to grant injunctive relief to enjoin the litigation against the non-Debtor parties. Given the California bankruptcy court's broad authority to either allow or not allow the Florida Action to proceed, the Court finds that abstention will have no significant effect on the administration of the Bankruptcy Cases.

Application of the second and third factors also supports abstention and remand.   As discussed earlier, the Florida Action raises solely state law issues.   Although the Complaint may not raise any novel issues of Florida law, the litigation has been intense, with several discovery disputes already resolved and several issues likely to arise, many of which the State Court is familiar with.

Given all of the time and effort already expended by the State Court, factor thirteen, the interest of comity, supports discretionary remand.   The Eleventh Judicial Circuit in and for Miami-Dade County has created a Complex Business Litigation Section to deal with large business cases like this one. *See* Administrative Order 08-02, entered by the Eleventh Judicial Circuit, Miami-Dade County, Florida; Fla.R.Civ.P. 1.201. The Florida Action is a complex case that Judge Freeman has presided over for more than a year and a half.   There have been three case management conferences thus far and the judge has tenaciously adhered to the August 16, 2010 trial date, which was set early on in the case.   The court has ruled on numerous jurisdictional and discovery motions, giving the court familiarity with the case that weighs in favor of keeping it in the State Court.   Before the case was removed, Judge Freeman set a full day evidentiary hearing on Plaintiffs' Motion for Sanctions/Default Judgment against the non-debtor defendants for, among other things, violation of the court's orders.   It is evident that resolving that motion and future pretrial disputes can and should be handled by the highly qualified judge who has presided over the case for the past 17 months. *See Lone Star Industries, Inc. v. Liberty Mutual Insurance,* 131 B.R. 269, 274 (D.Del.1991) ("As a matter of comity, remand would display a proper respect for a state court's role in deciding a purely state law case, and in particular, [the state court judge's] prior investment of time and efforts in managing the case.")

In contrast to the efficiency of allowing the case to proceed in the State Court, keeping the litigation in the federal court will likely be a burden on the docket of the California bankruptcy court or the district court, if the reference is withdrawn to conduct a jury trial.[6]  In a case with solely state law issues, there is no reason to try this case in the federal court.  These findings relate to the ninth factor – burden on the bankruptcy court's docket and the fifth factor, the absence of any basis for federal jurisdiction other than 28 U.S.C. § 1334.

The fourteenth factor, prejudice to the Plaintiffs, strongly supports remand.  Allowing the Defendants to remove this action and transfer it to the California Bankruptcy Court at this stage would be overwhelmingly prejudicial to the Plaintiffs who have spent a considerable amount of time, effort and money litigating this case in their home forum.  Restarting the case in federal court with a new judge will undoubtedly increase the time and expense of the litigation.

Finally, the record supports remand under the tenth factor:  forum shopping.  The filing of the Notice of Removal, and Motion to Transfer Venue certainly has a forum shopping "air" to it. The Debtors did not remove any of the several non-bankruptcy litigation matters pending in California state courts.  Removing only the Florida Action creates a strong inference that the goal was not to move the litigation into the bankruptcy court for any bankruptcy purposes, but rather to move the litigation from Florida to California for the Debtors' convenience and the inconvenience of the Plaintiffs.  The State Court previously denied motions to dismiss based on *forum non conveniens*.  Removing the case seeks to accomplish the same result using a different procedural device.

---

[6] Plaintiffs' demand for jury trial is a separate factor supporting abstention or equitable remand.  *In re United Container LLC*. 284 B.R. at 176 (the right to a jury trial is the eleventh factor supporting remand.)

23

In sum, after considering the relevant factors, the Court concludes that it should permissively abstain under § 1334(c)(2) and, for the same reasons, equitably remand the case back to the State Court under 28 U.S.C. § 1452(b).

### Conclusion

The filing of the Bankruptcy Cases provided subject matter jurisdiction for the removal of the Florida Action. Nevertheless, jurisdiction cannot and may not be exercised since abstention and therefore remand is mandatory under 28 U.S.C. § 1334(c)(2) and alternatively appropriate under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b). Therefore, it is –

**ORDERED** as follows:

1.  Plaintiffs Motion for Remand is granted.

2.  Defendants' Motion to Transfer Venue is denied as moot.

3.  Upon finality of this order, the Clerk shall close this adversary proceeding and transmit the record to the Circuit Court, Miami-Dade County, Florida, to become part of the record in the Florida Action, Case No. 08-55741-CA-40.

###

COPIES TO:
Scott M. Dimond, Esq.
Dimond Kaplan & Rothstein, P.A.
2665 S. Bayshore Dr., Ph-2B
Miami, FL  33133
(Counsel for Defendants Briarwood and Marsch)

Joseph R. Dunn, Esq.
Jeffrey Davis, Esq.
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
3850 Carmel Mtn Rd #300
San Diego, CA 92130
(Counsel for Defendants Briarwood and Marsch)

Alvin E Entin, Esq

Entin & Della Fera, P.A.
110 SE 6 St #1970
Ft. Lauderdale, FL 33301
(Counsel for Defendants FDI and Minkow)

Meredith Mishan, Esq.
848 Brickell Avenue, Suite 1100
Miami, FL  33131
(Counsel for Defendants FDI and Minkow)

Samuel J. Dubbin, Esq.
Dubbin & Kravetz, LLP
1200 Anastasia Ave #300
Coral Gables, FL 33134
(Counsel for Plaintiffs Lennar Corp. and Lennar Homes)

David Marroso, Esq.
Daniel Petrocelli, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars 7 Fl.
Los Angeles, CA 90067
(Counsel for Plaintiffs Lennar Corp. and Lennar Homes)

Scott L. Baena, Esq.
Bilzin Sumberg
200 S. Biscayne Blvd., Suite 2500
Miami, FL  33131
(Counsel for Plaintiffs Lennar Corp. and Lennar Homes)

Judge Gill Freeman, Circuit Court in and for Miami-Dade County, Florida
Judge Peter W. Bowie, U.S. Bankruptcy Court, S.D. Cal.